# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY MCCOY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 2:21-CV-00389-CCW |
| | : |
| PAN AMERICAN GROUP, LLC, | : |
| | : |
| Defendant. | : |
| | : |

# ORDER

AND NOW, this _____ day of _____, 2021, upon consideration of the Motion of Defendant PAN American Group LLC, to compel arbitration and dismiss the present action, and any responses thereto, it is hereby **ORDERED** THAT:

1. Defendant's Motion is GRANTED;

2. Plaintiff's Complaint is hereby DISMISSED; and

3. The parties are DIRECTED to proceed to arbitration in accordance with the parties' governing arbitration agreement.

                                                            _____
                                                                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY MCCOY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 2:21-CV-00389-CCW |
| : | |
| PAN AMERICAN GROUP, LLC, : | |
| : | |
| Defendant. : | |
| : | |

**DEFENDANT PAN AMERICAN GROUP, LLC'S
MOTION TO COMPEL ARBITRATION AND DISMISS COMPLAINT**

Defendant Pan American Group LLC ("Defendant" or "PAN") hereby respectfully moves this Court for an Order compelling the parties to arbitration and dismissing the action at hand, and states as follows:

1. On or about March 24, 2021, Plaintiff Tammy McCoy ("Plaintiff" or "McCoy") filed a Complaint and Jury Demand against Defendant, alleging causes of action arising out of her employment with Defendant. *See* a copy of Plaintiff's Complaint and Jury Demand, attached hereto as **Exhibit A**.

2. Defendant is a franchisee of a chain of cafes operating as Panera. Panera, through its wholly owned subsidiaries, collectively franchises Panera restaurants across the country, including the Panera café at which McCoy was employed in Pleasant Hills, Pennsylvania (also known as the "Southland" location).

3. Plaintiff is a former employee of PAN, who was employed as a Restaurant Staff Associate at PAN's Southland location, from on or about October 10, 2019 until her voluntary resignation in or about August 2020.

4. At the time of PAN's consideration of McCoy for hire, PAN required all applicants for employment, including McCoy, to register for a unique, password-protected account on an online portal to apply or re-apply for any position with PAN (the "talentReef Portal"). *See* the Declaration of Casey Brozack In Support of Defendant's Motion to Compel Arbitration and Dismiss Complaint ("Brozack Declaration"), attached hereto as **Exhibit B**, at Paragraphs 4 through 6.

5. On October 10, 2019, McCoy was required to access onboarding documents and submit employment information through her talentReef Portal account, at the time she commenced employment with PAN. *See* **Exhibit B**, at Paragraph 7.

6. On October 10, 2019, McCoy reviewed and accepted, among other onboarding documents, an Employee Handbook and Dispute Resolution Program Booklet using her talentReef Portal account. *Id*.

7. PAN's Dispute Resolution Program ("DRP" or "Dispute Resolution Agreement") was a condition of McCoy's employment, executed as a contractual agreement between McCoy and PAN. *See* **Exhibit B**, wherein a copy of McCoy's executed DRP Booklet is attached to the Brozack Declaration as "Exhibit A."

8. The DRP made clear that dispute resolution procedures contained therein provided the mandatory and exclusive means by which an employee should resolve any claims she may have against PAN, providing in pertinent part:

> **THIS PROGRAM IS A CONDITION OF YOUR EMPLOYMENT AND IS THE MANDATORY AND EXCLUSIVE MEANS BY WHICH DISPUTES BETWEEN YOU AND THE COMPANY MAY BE RESOLVED, SO READ THE INFORMATION IN THIS PROGRAM BOOKLET CAREFULLY.**
>
> When you have a work-related problem, follow the steps listed below in this policy.

*See* **Exhibit B**, at "Exhibit A," Page 1.

9.      PAN's DRP provides a four-step process for resolving workplace problems, which includes a provision for mandatory arbitration of work-related issues involving a legally protected right. The DRP provides, in pertinent part:

> **Step 4: ARBITRATION**
> If you have a work-related problem that involves one of your legally protected rights, which has not been resolved through the earlier steps, you may request Arbitration. In Arbitration, an outside neutral expert chosen and agreed upon by you and the Company, called an "arbitrator", becomes involved in the resolution process. He or she listens to the facts, then makes a final binding decision and awards any damages, just like a judge in a court of law. Arbitration is less formal than conventional court litigation but is clearly established and governed by rules and standards of conduct, which are designed to assure due process of law is fully protected. The goal of Arbitration is to provide effective and efficient problem resolution.
>
> Here is how the Arbitration process works:
>
> 1. **Request Arbitration**. If you believe you have a legal claim, you may request that your claim go to Arbitration. Note that your request for arbitration must be made within the applicable statute of limitations for your underlying claim. The arbitration will be conducted by the AAA or any similar organization mutually acceptable to you and the Company The arbitration will be conducted under the AAA's "National Rules for the Resolution of Employment Disputes", which are in effect at the time of the demand for arbitration is filed. The rules can be obtained from the AAA's website at [www.ADR.org](www.ADR.org) or from the Company upon request.
>
> 2. **The arbitration agency** selected (the "agency") will then bill you and the Company each a filing fee. Your portion of that fee is limited to $215.00. The Company will pay the balance of the agency's initial filing fee and will pay the arbitrator's fee. If you establish that you cannot pay the filing fee, the Company will pay your portion of the fee.
>
> 3. **A hearing is set**. The arbitrator will schedule a date, time and place for a hearing. During this hearing, both you and the Company present the pertinent facts, documents, and witnesses. You may hire a lawyer to participate in the Arbitration hearing with you. The hearing will be conducted in the community where you were employed or in another mutually agreeable location.
>
> 4. **A decision is made**. Based on the information presented and the facts gathered, the arbitrator will make a final binding decision in writing that will set forth the essential findings and conclusions on which the award is based.

3

> The decision of arbitrator shall have a final and binding effect in any related litigation. If you win, the arbitrator can award you anything you might seek through a court of law. By using Arbitration, your rights are protected, and damages can be paid if those rights have been violated.

See **Exhibit B**, at "Exhibit A," Pages 2 – 3.

10. The DRP further expressly provides a description of claims subject to arbitration, stating, in pertinent part:

> **CLAIMS SUBJECT TO ARBITRATION**
>
> Claims and disputes subject to arbitration include all those legal claims you may now or in the future have against the Company or against its officers, directors, shareholders, employees or agents, including claims related to any Company employee benefit program or against its fiduciaries or administrators (in their personal or official capacity), and all claims that the Company may now or in the future have against you, whether or not arising out of your employment or termination, except as expressly excluded under the "Claims Not Subject to Arbitration" section.
>
> Legal claims that are subject to arbitration include, but are not limited to:
>
> • claims for wages or other compensation;
> […]
> • tort claims (including, but not limited to, claims for physical, mental or psychological injury, but excluding statutory workers compensation claims);
> • claims for wrongful termination;
> • claims for sexual or other illegal harassment or discrimination (including, but not limited to, claims based on race, sex, sexual orientation, religion, national origin, age, medical condition or disability whether under federal, state or local law);
> […]
> • claims for a violation of any other non-criminal federal, state or other governmental law, statute, regulation or ordinance; and
> • claims for retaliation under any law, statute, regulation or ordinance.

See **Exhibit B**, at "Exhibit A," Page 3.

11. The DRP further explains that while the agreement to arbitrate does not preclude McCoy from pursuing an administrative claim with any state, local, or federal agency, the agreement does preclude McCoy from personally pursuing court litigation of any such claim. The DRP states, in pertinent part:

4

> Your agreement to adhere to this Dispute Resolution Program does not prohibit you from pursuing an administrative claim with the National Labor Relations Board, any state or federal department of labor, state or local Fair Employment Practice Agencies, or the United States Equal Employment Opportunity Commission. *This Agreement, does, however, preclude you from personally pursuing court action regarding any such claim.*

*See* **Exhibit B**, at "Exhibit A," Page 3 (emphasis added).

12. On or about October 10, 2019, while onsite at PAN's Southland location, McCoy was provided with the opportunity to review PAN's onboarding documents, including the DRP, using her talentReef Portal account. *See* **Exhibit B**, at Paragraph 4 – 6.

13. Accordingly, McCoy reviewed the DRP using her individual talentReef Portal account and acknowledged her acceptance of the DRP by way of an electronic signature. *See* **Exhibit B**, at "Exhibit A," Page 11; *see* also **Exhibit B**, at Paragraphs 6 – 8.

14. McCoy's now brings before this Court two causes of action for: (1) alleged harassment and discrimination on the basis of religion in violation of Title VII, and (2) alleged harassment, discrimination, and retaliation on the basis of religion in violation of the Pennsylvania Human Relations Act.

15. Accordingly, Plaintiff's claims fall squarely within the arbitration provisions of the DRP executed by the parties. *See* **Exhibit B**, at "Exhibit A," Page 3.

16. Here, Plaintiff has chosen to ignore her contractual obligations to arbitrate her claims and proceeded directly to court for relief.

17. The Federal Arbitration Act provides for the enforcement of a provision in any written contract "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction." Such a provision submitting the parties to arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

18. Here, the executed Dispute Resolution Agreement evidences a transaction involving commerce and submits the parties to mandatory arbitration of any controversy that arises out of the parties' relationship under the contract, specifically including McCoy's statutory claims under Title VII and the Pennsylvania Human Relations Act.

19. Therefore, in accordance with McCoy's contractual obligations to arbitrate her claims, as provided by the executed Dispute Resolution Agreement and enforced by the Federal Arbitration Act, McCoy's claims must be resolved in mandatory arbitration, and this court action should be dismissed.

20. On April 30, 2021, counsel for Defendant made a good faith effort to confer with Plaintiff's counsel, by way of written correspondence, to determine whether the identified pleading deficiency (specifically the issue of mandatory arbitration) may be cured by amendment, obviating Defendant's intended Motion to Compel Arbitration and Dismiss Complaint. On May 6, 2021, Plaintiff declined Defendant's request to move this action into arbitration.

WHEREFORE, Defendant Pan American Group LLC respectfully requests that:

A. This Court enter an Order compelling this Action to arbitration pursuant to the governing Dispute Resolution Agreement duly executed by the Parties;

B. This Court enter an Order dismissing this Action, or in the alternative staying proceedings pending arbitration; and

C. For all other such further relief as the Court deems necessary and proper.

Respectfully submitted,

STEVENS & LEE, P.C.

Dated: May 24, 2021                 By: */s/ Lisa M. Scidurlo*

Lisa M. Scidurlo, Esq.
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406
Telephone:  (610) 205-6042
Facsimile:  (610) 988-0870

*Counsel for Defendant*
*Pan American Group LLC*

## RULE 12(b) MOTION CERTIFICATION

I hereby certify that, prior to filing the foregoing Motion, counsel for Defendant made a good faith effort to confer with the nonmoving party to determine whether the identified pleading deficiency may be cured by amendment.

STEVENS & LEE, P.C.

Dated: May 24, 2021              By: /s/ Lisa M. Scidurlo

Lisa M. Scidurlo, Esq.
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406
Telephone:  (610) 205-6042
Facsimile:  (610) 988-0870

*Counsel for Defendant
Pan American Group LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2021, a true and correct copy of the foregoing Motion, with all supporting papers, including the Brief in Support of Defendant's Motion to Compel Arbitration and Dismiss Complaint, was served via CM/ECF upon the following counsel of record:

Michael J. Bruzzese, Esq.
2315 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 281-8676

STEVENS & LEE, P.C.

Dated: May 24, 2021          By: /s/ Lisa M. Scidurlo

Lisa M. Scidurlo, Esq.
620 Freedom Business Center, Suite 200
P. O. Box 62330
King of Prussia, PA 19406
Telephone: (610) 205-6042
Facsimile: (610) 988-0870

*Counsel for Defendant*
*Pan American Group LLC*