IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY MCCOY,<br><br>         Plaintiff,<br><br>    v.<br><br>PAN AMERICAN GROUP,<br><br>         Defendant. | 2:21-CV-00389-CCW |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel Arbitration and to Dismiss Complaint filed by Defendant Pan American Group, doing business as Panera Bread.  ECF No. 7.  Plaintiff filed the Complaint on March 24, 2021, ECF No. 1, alleging that Defendant, her former employer, discriminated against her on the basis of her Neopaganist religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq.*, and the Pennsylvania Human Relations Act, 42 P.S. § 951 *et seq*.  *Id*.  Defendant moved to dismiss the Complaint and to compel Plaintiff to submit her dispute to arbitration pursuant to an arbitration agreement that Defendant contends Plaintiff signed during her onboarding process to start working for Defendant.  ECF No. 7.

In her opposition to Defendant's Motion, Plaintiff challenges the validity of the arbitration agreement.  ECF No. 10.  She contends that Defendant never provided her with the arbitration agreement or the employee handbook accompanying it;  rather, Plaintiff argues that her supervisor Krista Stephens signed the arbitration agreement and the employee handbook on Plaintiff's behalf without informing Plaintiff of the existence of the documents or providing Plaintiff with an opportunity to review them.  *Id*.  According to Plaintiff, she first became aware of the existence of the arbitration agreement and employee handbook after she filed this action.  ECF No. 10 at 7;

ECF No. 10-1 at ¶ 23.  She notes that based on the time stamp on each document (October 10, 2019 at 1:33 p.m. for the arbitration agreement and 1:36 p.m. for the employee handbook), she could not have been the individual who signed them, because as of 1:30 p.m. that day, she had already left work and was on a bus travelling home.  *Id.* at 4; ECF No. 10-1 at ¶¶ 17–20; ECF No. 10-2; ECF No. 10-3 at 19.  Defendant's Motion is now ripe for disposition.

While the Federal Arbitration Act ("FAA") indicates a "'strong federal policy in favor of the resolution of disputes through arbitration,'" "this presumption in favor of arbitration 'does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'" *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (quoting *Alexander Anthony Int'l L.P.*, 341 F.3d 256, 263 (3d Cir. 2003) and *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.2d 1069, 1073 (5th Cir. 2002)).  "Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect." *Par-Knit Mills*, 636 F.2d at 54.  Indeed, federal law requires that "[i]f the making or the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."  9 U.S.C. § 4; *see also*, *Egan v. Live Nation Worldwide, Inc.*, 764 Fed.Appx. 204 (3d Cir. 2019) (unpublished).  Courts turn to "ordinary state-law principles that govern the formation of contracts" to determine whether the parties agreed to arbitrate.  *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chic., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  Here, Plaintiff's employment and other relevant events occurred in Pennsylvania, and this Court sits in Pennsylvania.  Under Pennsylvania law, a contract entered into without knowledge of the existence of the offer and knowledge of the specific terms thereof is not enforceable:

> It is basic contract law that there . . . must be an intended, definite, specific offer before any offer can be accepted or any enforceable contract created.  On cannot suppose that another made an offer, was

> willing to make an offer or intended sometime to do so. Minds for contractual obligation, must meet upon definite, specific things.

*Morosetti v. La. Land & Exploration Co.*, 564 A.2d 151, 153 (Pa. 1989). Therefore, where the fact that the parties entered into an enforceable arbitration agreement is challenged, courts decide a motion to compel arbitration under the summary judgment standard set forth by Federal Rule of Civil Procedure 56, not the standard for a motion to dismiss under Rule 12(b)(6). *See Guidotti v. Legal Helpers Debt Resolution,* LLC, 716 F.3d 764, 776 (3d Cir. 2013); *Davis v. Cintas Corp.*, 2:18-cv-01200, 2019 U.S. Dist. LEXIS 87261, at *5 (W.D. Pa. May 23, 2019).

Here, Plaintiff presents a genuine question as to whether she was provided an opportunity to review, much less assent to the terms and conditions of the arbitration agreement and employee handbook. *See* ECF No. 10 at 4; ECF No. 10-1 at ¶¶ 17–21. Therefore, whether Plaintiff and Defendant had a meeting of the minds regarding the terms and conditions of the arbitration agreement and the employee handbook cannot be determined at this stage of the litigation on a Rule 12 motion and requires further factual development in discovery. *See generally*, ECF No. 10; ECF No. 10-1.

For these reasons, Defendant's Motion to Compel Arbitration and to Dismiss Complaint, ECF No. 7, is DENIED WITHOUT PREJUDICE. The parties shall proceed to limited fact discovery on the issue of arbitrability. This limited period of fact discovery shall close on **August 5, 2021**. Defendant shall file either a renewed Motion to Compel Arbitration under the summary judgment standard, or an answer to the Complaint, on or before **August 19, 2021.**

IT IS SO ORDERED.

DATED this 21st day of June, 2021.

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record