IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMMY MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:21-cv-389 |
| | ) | |
| PAN AMERICAN GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**PRE-SETTLEMENT CONFERENCE ORDER**

And now, this 29th day of April, 2022, it is hereby ORDERED that a Settlement Conference in this case is scheduled for **June 2, 2022** at **9:00 AM**. This Settlement Conference shall be conducted via **videoconference**. More specific information regarding the videoconferencing instructions and parameters of attendance will be forthcoming. Set forth below are the responsibilities of the parties to be completed prior to the Settlement Conference, and the procedures that the Court will employ in conducting the Settlement Conference.

1.  Pre-Settlement Conference Exchange of Demand and Offer

The Settlement Conference is more likely to be productive if, prior to the Conference, the parties have exchanged written settlement proposals. Accordingly, on or before **May 12, 2022**, Plaintiff's counsel shall submit a written itemization of damages and settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than **May 19, 2022**, Defendant's counsel shall submit a written offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate. If settlement is not achieved, Plaintiff's

counsel shall deliver copies of the demand and offer letters to Judge Colville's chambers by e-mailing **Kathleen_@pawd.uscourts.gov** no later than NOON on **May 26, 2022**.  Do not file copies of these letters on the court docket.

2. <u>Parties' Confidential Settlement Position Letters</u>

On or before NOON on **May 27, 2022**, the parties shall also separately submit confidential letters of no more than 5 pages (including any exhibits) to the Court at the above e-mail address detailing the relative strengths and weaknesses of their case, as well as settlement postures including monetary amounts.   The letter will not be shared with opposing counsel.  Accordingly, candor is expected.

3. <u>Requirement that all Parties, Representatives with Complete Settlement Authority, and Lead Trial Counsel Attend in Person/via VIDEOCONFERENCE</u>

All parties, representatives with full and complete settlement authority, <u>and</u> lead trial counsel are required to attend the videoconference. An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter up to the entire policy limits.  Having a client, insurance carrier, or lead attorney with authority available only by telephone, while not preferred, is an acceptable alternative, given the present circumstances surrounding the COVID-19 pandemic.

4. <u>Settlement Conference Format</u>

The Court will use a facilitative mediation format.  The Settlement Conference will begin with a joint session with opening presentations by each side.  The parties may utilize whatever presentation they believe will be most effective, including charts, audiovisual, and oral presentations by counsel and principals.

The joint session shall be followed by private caucusing by the Court with each party.  In caucus, you should discuss information which may assist in working toward a resolution, but

which you would prefer not to disclose in direct negotiations.  The caucuses are also utilized to provide an opportunity to assess realistic options for resolution, without endangering any party's negotiation posture.  Caucusing will continue until an option has been developed which all sides feel is acceptable.

The Court expects both the lawyers and party representatives to be fully prepared to participate.  The Court encourages all parties to keep an open mind in order to reassess their previous positions and to consider creative means for resolving the dispute.

5.  Confidentiality

All statements made in the course of joint sessions, including opening presentations, are confidential settlement discussions.  Statements may not be used in discovery and are inadmissible at trial.  Any statements made or information disclosed to the Court in private caucus is also privileged and that disclosure cannot be compelled under any circumstances.

BY THE COURT:


s/*Robert J. Colville*
Robert J. Colville
United States District Judge


cc: All ECF Registered counsel